IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LeROY SITTON, JR.,

      Plaintiff,

v.                                                     Civil Action No. **3:14CV693**

SAJJAD HUSAIN, *et al.*,

      Defendants.

## MEMORANDUM OPINION

LeRoy Sitton, Jr., a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court on Defendants' Motions to Dismiss and the Court's authority to review complaints by individuals proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2).[2] For the reasons set forth below, the action will be DISMISSED WITHOUT PREJUDICE.[3]

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted ...." 28 U.S.C. 1915(e)(2).

[3] Sitton provides the following list of defendants: Sajjad Husain, a physician at the Alexandria Detention Center ("ADC"); Zelke Bennet, a physician at ADC; Dorothy Pope; Frank Milano, and Shelbert Williams, Captains at ADC; Jerome Garris, the Director of Aramark Food Services at ADC; and, Dana Lawhorne, the Sheriff for the City of Alexandria.

## I. STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

2

*DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

The Court directed Sitton to particularize his complaint in order to provide each Defendant with fair notice of the facts upon which his or her liability rested. Sitton, however, did not do a particularly good job of providing those facts. Specifically, the sum of Sitton's allegations is as follows:

> After arriving at the Alexandria Detention Center, medical staff diagnosed me with hypertension. I was placed on high blood pressure medication, which was not properly administered. . . . Sajjad Husain and Zelke Bennet violated my 8th Amendment Right[4] to receive high blood pressure medication properly and be monitor[ed] on a monthly basis.
> After being diagnosed with Hypertension, nurses within the facility advised that I be placed on a low sodium diet to aide in controlling my blood pressure. The normal diet within the detention center contains processed, high sodium foods, which exacerbate high blood pressure, as well as causes weight gain. I requested to have a low sodium diet. Despite my many requests, I was not provided a low sodium diet until eighteen (18) months after my initial request. As a result of this delay, my high blood pressure worsened, and the excessive weight gain contributed to other health related issues . . . . Sajjad Husain, Zelke Bennet, Dorthy Pope, Jerome Garris violated my 8th Amendment right by not providing me the proper diet according to my medical conditions.
> While in processing, I advised the Medical Staff of knee and back pain. I later visited the Medical Facility where Xrays were performed, with no findings. Despite knowledge of how ineffective Xrays may be when diagnosing certain orthopedic issues, no more extensive testing was provided. Medical staff stated that I would not be in the center long and I would have to tough it out. My stay in

---

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

the Alexandria Detention Center was 21 months. The nurse advised me that I needed shoes with proper arch support to lessen knee pain and prevent it from getting worse. I requested tennis shoes with arch support, but was told that I could not have my own shoes with arch support in them from my property for security reasons and I would have to order them myself. An outside source purchased tennis shoes through canteen that should have provided arch support, but did not. I was later provided shoes from the facility in the wrong size or none at all and walked around in unbearable pain, as a result of improper support. I was provided only Tylenol and Ibuprofen for pain, which did not help. . . . Sajjad Hussain, Zelke Bennet, Frank Milano, Shelbert Williams, and Dana Lawhorne violated my 8th Amendment by not addressing my disabilities, health and dietary issues.

After being released from the Alexandria Detention Center, I visited Alexandria Hospital in such unbearable pain in my knees that needed immediately medical attention. The doctor informed me that I had Bilateral Knee Pain, Degenerative Joint Disease of the Knee and Obesity. I had to return to Mt. Vernon hospital and was told my blood pressure was 200/87, close to a heart attack and/or stroke, due to knee pain.

(Particularized Compl. 1–2, ECF No. 12 (capitalization and punctuation corrected) (paragraph numbers omitted).) Sitton demands monetary damages and injunctive relief. (*Id.* at 2.)

Sitton asserts that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim One | Defendants Husain and Bennet violated Sitton's rights under the Eighth Amendment by failing to properly monitor his blood pressure and provide blood pressure medication. |
| Claim Two | Defendants Husain, Bennet, Pope, and Garris violated Sitton's rights under the Eighth Amendment by not providing Sitton with a proper diet for his medical conditions. |
| Claim Three | Defendants Hussain, Bennet, Milano, Williams, and Lawhorne violated Sitton's rights under the Eighth Amendment by failing to provide shoes and medical care for Sitton's knee and back pain. |

### III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Iqbal*, 556 U.S. at 676 (citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Here, Sitton has failed to plead sufficient facts that plausibly suggest each named defendant was personally involved in the violation of Sitton's rights. That deficiency alone warrants the dismissal of his claims. Moreover, as explained more fully below, Sitton has failed to plead sufficient facts to support an Eighth Amendment violation by any of the defendants.

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both

> be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Here, Sitton simply has failed to allege facts that indicate any of the defendants "subjectively recognized a substantial risk of harm" to Sitton and further recognized that his or her "actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee*, 372 F.3d at 303 (quoting *Rich*, 129 F.3d at 340 n.2). Indeed, Sitton has failed to allege sufficient facts to suggest that any of the defendants were aware of any of his medical ailments or his purported medical dietary needs. Although Sitton alleges that he alerted "medical staff" to his back and knee pain (Part. Compl 2), allegations of this ilk are insufficient to impute liability to either Dr. Hussain or Dr. Bennet. *See Davis v. Ruby*, No. 3:13CV288, 2015 WL 501926, at *5 (E.D. Va. Feb. 5, 2015) (explaining that "'[v]ague references to a group of defendants, without specific allegations tying the individual defendants to the alleged unconstitutional conduct'" fail to support a claim for relief against the individual defendants (quoting *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008))); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the

defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968))). Accordingly, the Motions to Dismiss (ECF Nos. 19, 21) will be GRANTED. Sitton's claims will be DISMISSED WITHOUT PREJUDICE. The Motion for Summary Judgment (ECF No. 27) and Motion for Waiver of Oral Argument (ECF No. 26) filed by Defendants Bennet and Hussain will be DENIED AS MOOT. Sitton's Motion for an Extension of Time (ECF No. 32) to respond to the Motion for Summary Judgment will be DENIED AS MOOT. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2-22-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge